UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD E. CHERRIE, JR., ET                  CIVIL ACTION
AL.

VERSUS                                      NO: 06-4724

UNITED STATES OF AMERICA,                   SECTION: J(4)
FEDERAL EMERGENCY MANAGEMENT
AGENCY, ET AL.


**ORDER AND REASONS**

Before the Court is the **Motion to Dismiss Defendants State of Louisiana and Louis Cataldie, M.D. (Rec. Doc. 4)**. This motion was set for hearing on October 25, 2006 without oral argument. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' motion should granted.

**<u>Background Facts</u>**

Edward E. Cherrie, Jr., has filed a Complaint individually and "on behalf of a class of persons with common claims." Plaintiff sued FEMA, Kenyon International Emergency Services, Inc., the State of Louisiana, Dr. Louis Cataldie (the State Medical Examiner, incorrectly identified in the Complaint as the State Emergency Medical Director), and the Federal Disaster Mortuary Operations Rescue Team ("DMORT"). Plaintiff's lawsuit is based on his assertion that he was separated from his mother

1

at the medical triage facility temporarily set up at Louis Armstrong International Airport where she was being treated for dehydration after Hurricane Katrina.  As of the day the Complaint was filed, Plaintiff had not located his mother.

The Complaint in this case is not clear about who is being sued for what reason. Plaintiff does not make specific allegations against any of the defendants named in the Complaint. Instead, Plaintiff indicates that the alleged wrongful conduct resulted from a combination of Defendants' negligent actions. Plaintiff also does not state in the Complaint in what capacity Dr. Cataldie is being sued.  For the purposes of this motion to dismiss, Defendants assume that Dr. Cataldie has been sued in both his individual and official capacities.  Defendants also assume that the State of Louisiana has been sued based on a respondeat superior or vicarious liability theory.

Plaintiff asserts that there is jurisdiction based on diversity.  He also asserts that the action arises under "Article V and Amendment XIV, Sec. 1, of the Constitution of the United States.  Last, he asserts that there is federal question jurisdiction under 28 U.S.C. 2671.

## The Arguments

Defendants State of Louisiana and Dr. Cataldie request that Plaintiff's Complaint against them be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that subject matter jurisdiction does not exist.  Both the State of

Louisiana and Dr. Cataldie assert that they are entitled to sovereign immunity pursuant to the Eleventh Amendment. Defendants claims the State is clearly entitled to immunity and is the real party in interest to the claims against Dr. Cataldie in his official capacity as state medical examiner.  Defendants claim the Eleventh Amendment bars a person from suing a state for money damages in federal court.  Defendants further state that the State has not waived its sovereign immunity.  Thus, Defendants claim the State of Louisiana and Dr. Cataldie, in his official capacity, are immune from suit.

Defendants further argue that this Court lacks subject matter jurisdiction over claims against Dr. Cataldie in his individual capacity.  Plaintiff's alleged basis for jurisdiction over these claims is 28 U.S.C. § 1367.  However, Defendants point out that Plaintiff does not explain or provide the basis for which he claims this Court has original jurisdiction. Defendants point out that although Plaintiff claims there is diversity jurisdiction over this action, there is not complete diversity and Plaintiff does not even mention amount in controversy in his Complaint.  Therefore, there is no diversity jurisdiction over this matter.

The second alleged basis for jurisdiction is under 28 U.S.C. § 1346(b), 2671 et seq. wherein the Court has original and exclusive jurisdiction over all delictual actions against the United States and its agencies.  Defendants assert that

Plaintiff's claims are mainly tort claims that require a determination of whether Plaintiff exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA").  Defendants claims that under the FTCA, an action may not be instituted against the United States unless the claimant first files a claim with the appropriate federal agency and the agency has denied the claim in writing.  This requirement is a jurisdictional requirement and cannot be waived.  Defendants note that Plaintiff failed to allege that he exhausted his administrative remedies in this regard.

The final alleged basis for jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331.  Plaintiff claims the action arises under Article V and Amendment XIV of the U.S. Constitution.  Defendants claim that Article V is clearly irrelevant as it deals with ratification of the Constitution and amendments thereto.  Plaintiff also does not state how his claims are based on the Fourteenth Amendment.  Defendants claim Plaintiff has failed to plead facts sufficient to allege a cause of action under any federal statute and therefore, ask that the claims against them be dismissed.

In opposition, Plaintiff asserts that he does not challenge, or concede Defendants' contention.  However, Plaintiff then asserts that he does not believe that the case arises out of "independent" actions by the State of Louisiana or Dr. Louis Cataldie."  Plaintiff states, generally, that Defendants were

4

"technically responsible" as agents of the United States.

### The Law

The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001), citing McDaniel v. United States, 899 F.Supp. 305, 307 (E.D.Tex.1995). The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6); that is, a court may not dismiss a claim unless it appears certain that the "plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief." United States v. City of New Orleans, 2003 WL 22208578, at * 1, No. Civ. A. 02-3618 (E.D.La. Sept. 19, 2003), quoting Benton v. United States, 960 F.2d 19, 21 (5th Cir.1991).

The Eleventh Amendment of the United States Constitution bars actions brought against a state in federal court by its own citizens or citizens of another state, absent consent, waiver, or abrogation of the state's sovereign immunity. U.S. CONST. amend. XI; Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355 (1974). This immunity extends to state actors or agents when they are sued for monetary relief in their official capacities, because as the Supreme Court has recognized, "a suit against a State official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the State

5

itself." <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304 (1989). This conclusion is buttressed by the fact that if a suit against a state agent acting in his or her official capacity is successful, any damages must be paid from public funds in the state treasury. <u>See</u> <u>Edelman v. Jordan</u>, 415 U.S. at 663, 94 S.Ct. at 1355.

Here, neither the State of Louisiana nor Dr. Cataldie, in his official capacity, has consented to be sued.  Thus, neither has waived immunity from the instant suit.  Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief against the State of Louisiana, and Dr. Cataldie in his official capacity.

As for Plaintiff's claims against Dr. Cataldie in his individual capacity, Plaintiff must allege specific conduct giving rise to the constitutional violation.'" <u>DeLeon v. City of Dallas</u>, 141 Fed. Appx. 258, 261 (5th Cir. 2005).  Here, not only do we not know for sure what constitutional violations Plaintiff alleges occurred, Plaintiff has not alleged specific conduct that gave rise to these violations.  The Complaint is extremely generalized.  Plaintiff's burden is not met by claiming that the actions of all the defendants collectively wronged him.  Further, the subject matter jurisdiction is lacking over these claims for the reasons stated by Defendants.  Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss Defendants State of Louisiana and Louis Cataldie, M.D. (Rec. Doc. 4)** should be and

hereby is **GRANTED** and Plaintiffs' claims against Defendants State of Louisiana and Louis Cataldie, M.D., are hereby **DISMISSED**.

New Orleans, Louisiana this 30th day of October, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE